UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ARNOLD HARDMAN,

                          Plaintiff,

v.

THE AMERICAN MUSEUM OF NATURAL HISTORY, and RALPH PAVIA, *Individually*,

                          Defendants.

---

Case No. 12 CV 8930 (NRB) (AJP)

**ORAL ARGUMENT NOT REQUESTED**

## DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION FOR LEAVE TO AMEND THEIR ANSWERS AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT

                          Respectfully submitted,

             JACKSON LEWIS LLP
                        666 Third Avenue
                        New York, New York 10017
                        (212) 545-4000
                        (212) 972-3213 Facsimile
                        windhold@jacksonlewis.com
                        leonarda@jacksonlewis.com

                        Diane Windholz (DW 9806)
                        Alexander Leonard (AL 0424)

                        ATTORNEYS FOR DEFENDANTS

# TABLE OF CONTENTS

**Page No.**

TABLE OF AUTHORITIES ................................................................................................... iii

PROCEDURAL BACKGROUND AND FACTUAL STATEMENT ........................................... 1

ARGUMENT .............................................................................................................................. 3

    POINT I    LEAVE TO AMEND DEFENDANTS' ANSWERS SHOULD BE
                  FREELY GIVEN. ........................................................................................... 3

    POINT II   DEFENDANTS SHOULD BE ALLOWED TO AMEND THEIR
                  ANSWERS TO ASSERT AN AFTER-ACQUIRED EVIDENCE
                  AFFIRMATIVE DEFENSE. ........................................................................... 4

                  A. After-Acquired Evidence Doctrine ................................................................. 4

                  B. Discovery of Plaintiff's Inappropriate Emails Violating The Museum's
                     Non-Fraternization, Electronic Use, and Other Policies ................................. 5

                  C. Defendants' Proposed Amendment To Their Answers Is Not Unduly
                     Delayed, Is Offered In Good Faith, And Does Not Unfairly Prejudice
                     Plaintiff. ........................................................................................................... 8

CONCLUSION ........................................................................................................................ 10

## TABLE OF AUTHORITIES
| CASES | Page No. |
|---|---|

Block v. First Blood Assocs.,
988 F.2d 344 (2d Cir. 1993)..................................................................................3

Fariello v. Campbell,
860 F. Supp. 54 (E.D.N.Y. 1994) ........................................................................4

Greene v. Coach, Inc.,
218 F. Supp. 2d 404 (S.D.N.Y. 2002) (Buchwald, J.).........................................4

Ispat Inland, Inc. v. Kemper Envtl., Ltd.,
No. 05 Civ. 5401 (BSJ) (HBP), 2007 U.S. Dist. LEXIS 55851 (S.D.N.Y. July 31, 2007)............4

Jin v. Metro. Life Ins. Co.,
310 F.3d 84 (2d Cir. 2002)...................................................................................3

McCarthy v. Dun & Bradstreet Corp.,
482 F.3d 184 (2d Cir. 2007).................................................................................3

McGinnis v. N.Y. Univ. Med. Ctr.,
No. 09 Civ. 6182 (RMB), 2012 U.S. Dist. LEXIS 9537 (S.D.N.Y. Jan. 25, 2012) .......................4

McKennon v. Nashville Banner Pub. Co.,
513 U.S. 352 (1995)..........................................................................................4, 5

Pasternack v. Lab. Corp. of Am.,
892 F. Supp. 2d 540 (S.D.N.Y. 2012).................................................................3, 4

Ruotolo v. City of New York,
514 F.3d 184 (2d Cir. 2007).................................................................................3

State Teachers Ret. Bd. v. Fluor Corp.,
654 F.2d 843 (2d Cir. 1981).................................................................................3

Veritas-Scalable Inv. Prods. Fund, LLC v. FB Foods, Inc.,
No. 3:04 CV 1199 (JBA), 2006 U.S. Dist. LEXIS 51085 (D. Conn. July 26, 2006) .....................3

**STATUTES**

Fed. R. Civ. P. 15(a)(2)......................................................................................1, 3

Defendants The American Museum of Natural History ("the Museum") and Ralph Pavia (referred to herein collectively as "Defendants"), by and through their undersigned attorneys Jackson Lewis LLP, submit this Memorandum of Law in support of their Motion for Leave to Amend Their Answers and Affirmative Defenses to Plaintiff's Complaint ("Defendants' Motion") to assert an additional after-acquired evidence affirmative defense pursuant to Rule 15(a) of the Federal Rules of Civil Procedure.[1]

## PROCEDURAL BACKGROUND AND PRELIMINARY STATEMENT

On December 10, 2012, Plaintiff filed his Complaint against Defendants seeking relief pursuant to Title VII of the Civil Rights Act of 1964, the New York City Administrative Code § 8-107(6), (7) and (19), and 42 U.S.C. §1981 claiming retaliation for opposing practices made unlawful by the above statutes. On February 8, 2013, Defendants separately answered Plaintiff's Complaint and asserted affirmative defenses to Plaintiff's claims. During the course of discovery Defendants have taken one (1) deposition and Plaintiff has taken nine (9) depositions, and the parties have also engaged in extensive written discovery.

While preparing Defendants' responses to Plaintiff's Third Set of Document Requests (which were timely served upon Plaintiff on or about August 26, 2013), Defendants discovered numerous emails stored on Plaintiff's former Museum email account that evidence: (1) inappropriate personal and/or sexual relationships between Plaintiff and two subordinate employees, Doris Plaza and Gloria Gordon, and (2) the general misuse by Plaintiff of the Museum's electronic systems for personal purposes during working hours. Plaintiff participated in concealing at least some of this conduct, participating in the use of "code names" (including the use of his _wife's_ name), in emails between Ms. Gordon and himself. Plaintiff also denied

---

[1] Defendants' proposed amended answers and affirmative defenses to Plaintiff's Complaint ("Proposed Answers") are attached to the Declaration of Diane Windholz dated September 25, 2013 ("Windholz Decl.") as Exhibits "A" and "B."

any relationship with Ms. Gordon at his deposition. The emails that were discovered, and that are discussed infra, are highly inappropriate for the workplace. Critically, Plaintiff was a superior to both Ms. Plaza and Ms. Gordon in the Museum's Security Department. Plaintiff's conduct plainly violated the Museum's electronic use and non-fraternization policies. In addition, Plaintiff repeatedly used his Museum email account to also conduct personal business activities while at work, again in clear violation of the Museum's electronic use and personal business activities policies. These emails would have subjected Plaintiff to immediate termination had they been discovered during his employment.

Defendants timely produced the above emails on August 23, 2013, shortly after their discovery.[2] Moreover, Defendants produced the Museum's electronic use, personal business activities, non-fraternization, and other policies to Plaintiff. On September 12, 2013, Defendants' counsel raised the potential assertion of an after-acquired evidence affirmative defense with the Court during an unrelated discovery teleconference held before the Honorable Naomi Reice Buchwald. Plaintiff's counsel objected to Defendants' proposed after-acquired evidence defense, largely on the basis that discovery in this matter had concluded and that additional discovery would be required. The Court, however, indicated that discovery was not closed given the Court's prior rulings requiring the production of additional documents by the Parties no later than October 14, 2013. As a consequence, the Court advised Defendants to file the instant motion for leave to amend their answers.[3]

---

[2] Additional emails and other materials continue to be found on Plaintiff's Museum computer and email account evidencing other inappropriate communications at work. Confirmation of the senders/recipients of these emails has been obscured by the use of various "code names" and cell phone numbers therein. Defendants intend shortly to produce additional inappropriate emails exchanged by Plaintiff with these other individuals.

[3] Defendants also respectfully request that the Court permit Defendants to re-depose Plaintiff in order to question him regarding his potential violations of the Museum's non-fraternization, electronic use and other policies. Given Plaintiff's active concealment of his inappropriate relationships with Gloria Gordon and Doris Plaza, as discussed infra, the reopening of Plaintiff's deposition will not prejudice him.

2

## ARGUMENT

### POINT I

### LEAVE TO AMEND DEFENDANTS' ANSWERS SHOULD BE FREELY GIVEN.

Federal Rule of Civil Procedure 15(a)(2) provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave" and that "[t]he court should freely give leave when justice so requires." McCarthy v. Dun & Bradstreet Corp., 482 F.3d 184, 200 (2d Cir. 2007); see also Fed. R. Civ. P. 15(a)(2). "A court may properly deny leave to amend in cases of 'undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of the allowance of the amendment, futility of amendment, etc.'" Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2007) (internal citation omitted).

It is "within the sound discretion of the district court to grant or deny leave to amend." McCarthy, 482 F.3d at 200. However, "[o]utright refusal to grant the leave without any justifying reason for the denial is an abuse of discretion." Jin v. Metro. Life Ins. Co., 310 F.3d 84, 101 (2d Cir. 2002).

"Mere delay . . . absent a showing of bad faith or undue prejudice, does not provide a basis for [a] district court to deny the right to amend." State Teachers Ret. Bd. v. Fluor Corp., 654 F.2d 843, 856 (2d Cir. 1981); Block v. First Blood Assocs., 988 F.2d 344, 350 (2d Cir. 1993) (same); Pasternack v. Lab. Corp. of Am., 892 F. Supp. 2d 540, 549 (S.D.N.Y. 2012) (same). "The Second Circuit has [also] routinely excused delays of more than two years." Veritas-Scalable Inv. Prods. Fund, LLC v. FB Foods, Inc., No. 3:04 CV 1199 (JBA), 2006 U.S. Dist. LEXIS 51085, at *11 (D. Conn. July 26, 2006) (citation omitted); see also McGinnis v. N.Y. Univ. Med. Ctr., No. 09 Civ. 6182 (RMB), 2012 U.S. Dist. LEXIS 9537, at *12-13

(S.D.N.Y. Jan. 25, 2012) (granting defendant leave to amend where motion to amend was filed after close of discovery and almost three months after the discovery of the facts underlying defendant's affirmative defense). Moreover, "[t]he party opposing the motion for leave to amend has the burden of establishing that the amendment would be prejudicial." Pasternack, 892 F. Supp. 2d at 550 (quoting Fariello v. Campbell, 860 F. Supp. 54, 70 (E.D.N.Y. 1994)); see also Ispat Inland, Inc. v. Kemper Envtl., Ltd., No. 05 Civ. 5401 (BSJ) (HBP), 2007 U.S. Dist. LEXIS 55851, at *10-11 (S.D.N.Y. July 31, 2007) (granting motion to amend as non-moving party failed to demonstrate undue prejudice or delay even though discovery was complete).

## POINT II

## DEFENDANTS SHOULD BE ALLOWED TO AMEND THEIR ANSWERS TO ASSERT AN AFTER-ACQUIRED EVIDENCE AFFIRMATIVE DEFENSE.

### A. After-Acquired Evidence Doctrine

Under the after-acquired evidence doctrine, "[o]nce an employer learns about employee wrongdoing that would lead to a legitimate discharge, [the courts] cannot require the employer to ignore the information, even if it is acquired during the course of discovery in a suit against the employer and even if the information might have gone undiscovered absent the suit." McKennon v. Nashville Banner Pub. Co., 513 U.S. 352, 362 (1995). If proven by the employer, the "after-acquired evidence" affirmative defense is not a bar to liability, but is instead limited to the calculation of damages. "[E]vidence that the employee would have been terminated for lawful reasons will make certain remedies, such as reinstatement and front pay, unavailable." Greene v. Coach, Inc., 218 F. Supp. 2d 404, 412 (S.D.N.Y. 2002) (Buchwald, J.) (applying after-acquired evidence doctrine to dismiss lost pay and reinstatement claims on summary judgment) (citing McKennon, 513 U.S. at 362). "In order to rely on the after-acquired evidence doctrine, an employer must establish that the wrongdoing was of such severity that the employee would

have been terminated on such grounds alone if the employer had known of it at the time of discharge." Id.

### B. Discovery of Plaintiff's Inappropriate Emails Violating The Museum's Non-Fraternization, Electronic Use, and Other Policies

On or about July 23, 2013, Plaintiff served Plaintiff's Third Set of Document Requests on Defendant (responses thereto being due August 26, 2013). In preparing its responses to Plaintiff's Third Set of Document Requests, Defendants discovered on Plaintiff's former Museum email account, inter alia, hundreds of emails between Plaintiff Arnold Hardman and two of his subordinates, Museum Attendant Guard ("MAG") Gloria Gordon and Supervisor Doris Plaza, indicating inappropriate personal and/or sexual relationships with both individuals. Many emails were provocative in nature (some including lewd photographs) and clearly evidenced inappropriate relationships between Plaintiff and his subordinates. These relationships potentially raise various conflicts of interest and are disruptive to the Museum's operations, including but not limited to issues involving Plaintiff's management of Ms. Gordon (see, e.g., Windholz Decl., Exh. "D.") Moreover, additional emails discovered clearly show Plaintiff was engaging in various personal business ventures during working hours, a clear misuse of the Museum's email and electronic systems and a violation of the Museum's personal business activities policies.

Plaintiff's email exchanges with Gloria Gordon discovered on his Museum email account uncontrovertibly evidence an inappropriate personal and/or sexual relationship between Plaintiff and his subordinate. (See, e.g., Windholz Decl., Exh. "E.") A selection of these emails evidence Plaintiff: inviting Ms. Gordon to meals; purchasing Ms. Gordon candy, flowers, a teddy

bear, a "Mermaid Costume,"[4] and other items; attempting to conceal his relationship with Ms. Gordon; and exchanging numerous inappropriate comments with Ms. Gordon such as (i) Ms. Gordon referring to Plaintiff as "sexy man," (ii) a discussion regarding Plaintiff ripping Ms. Gordon's dress and "grabing [sic] the goods," (iii) Ms. Gordon telling Plaintiff that she "need[s] help with this new toy daddy," and (iv) Ms. Gordon commenting to Plaintiff that she needs a "hunk" in her bed and Plaintiff responding that he would "love to tell [Ms. Gordon] what I want done." (Id.)

Plaintiff also exchanged numerous emails with Doris Plaza that also clearly evidence an inappropriate personal and/or sexual relationship with a subordinate. (See, e.g., Windholz Decl., Exh. "H.") Again, a sampling of these emails show Plaintiff: arranging dates with Ms. Plaza and exchanging numerous inappropriate comments by email such as (i) Plaintiff stating "SEE…after being with me you had to sleep all night….wake up and lets [sic] do it again..lol," (ii) Ms. Plaza stating that Plaintiff can "feel up" her legs and Plaintiff responding "[h]ow far will you let me go," (iii) Ms. Plaza referring to Plaintiff using "magnums," (iv) Plaintiff telling Ms. Plaza "[I] can slowly caress your leg [sic] as we talk" and Ms. Plaza responding "I shaved just 4 u," and (v) Ms. Plaza sending Plaintiff a picture of a naked man and Plaintiff responding "[t]hats a good one..lol." (Id.)

Moreover, Plaintiff apparently attempted to conceal, at least in part, these inappropriate relationships. First, Plaintiff flatly denied any relationship with Ms. Gordon at his deposition. (See Deposition of Arnold Hardman ("Hardman Dep.") p. 227, attached to the Windholz Decl. as Exhibit "C.") Second, Plaintiff willingly participated in the use of

---

[4] Plaintiff also apparently attempted to conceal his identity when ordering this Mermaid Costume, by switching the name associated with his email account to "Gloria Gordon." (See Windholz Decl., Exh. "F.") Moreover, this Mermaid Costume was both provocative and expensive, costing $143.73 total (including shipping costs). (See Windholz Decl., Exhs. "E" and "G.")

6

pseudonyms identified by Ms. Gordon in her correspondence with Plaintiff, including "Holly Go," "Ivan Hardman," and "Sharon Hardman," instead of Ms. Gordon's actual name. The last pseudonym, "Sharon Hardman," is particularly disturbing as it is Plaintiff's wife's name.[5] Lastly, in another apparent attempt to conceal the identity of Ms. Gordon, Plaintiff and Ms. Gordon communicated for a period of time using Ms. Gordon's cell phone number only (ending 9764), and omitting any identifying names therefrom. This ruse was only discovered when the cell phone number referenced in Plaintiff's emails was cross-referenced with, and matched, Ms. Gordon's Museum Employee Information Sheet 2013. (See Windholz Decl., Exh. "I.")

The inappropriate relationships Plaintiff clearly engaged in with his subordinates, Ms. Gordon and Ms. Plaza, were plainly prohibited by the Museum's written policies. The Museum's Employee Handbook, which Plaintiff received and acknowledged, states "AMNH prohibits individuals in positions of authority with respect to another staff member . . . from having consensual intimate relations." (See Windholz Decl., Exh. "J.") The Employee Handbook also plainly states that "[e]mployees using the Museum's email . . . must conduct themselves in a manner that reflects proper conduct for Museum employees . . . . Employees wishing to send personal email should use personal email accounts . . . ." (Id.) The Museum's Code of Ethical Practices contains similar prohibitions. (See Windholz Decl., Exh. "K.") A simple review of the emails Plaintiff exchanged with Ms. Gordon and Ms. Plaza clearly indicate Plaintiff violated these policies.

---

[5] Mrs. Hardman was originally identified by Plaintiff as a non-party witness in this matter, and was scheduled to testify at her deposition on September 23, 2013. On September 20, 2013, Plaintiff's counsel attempted to remove Mrs. Hardman and other family members from his Fed. R. Civ. P. 26(a)(1) Initial Disclosures by serving untimely amended disclosures (7 months after Plaintiff's initial disclosures, 4 months after the Notice of Subpoena to Sharon Hardman was served, and 1 business day prior to Mrs. Hardman's deposition). Nonetheless, Defendants proceeded with Mrs. Hardman's deposition without any objection by Plaintiff. However, at the commencement of Mrs. Hardman's deposition, Plaintiff's counsel improperly suggested to Mrs. Hardman that she may assert the spousal privilege. Mrs. Hardman is not represented by Plaintiff's counsel. Moreover, Plaintiff waived this privilege by previously identifying Mrs. Hardman as a witness. Mrs. Hardman's deposition was ultimately postponed to allow Mrs. Hardman an opportunity to obtain her own counsel per her request.

Lastly, Plaintiff also appears to have engaged in extensive personal business activities at work. (See, e.g., Windholz Decl., Exh. "L.") Plaintiff repeatedly emailed numerous individuals during working hours regarding his private business ventures, including various private security arrangements, all on his Museum email account. (Id.) In addition to misappropriating work time, Plaintiff seemingly used the Museum's name and his title to implicitly bolster Plaintiff's private security business activities. Again, the Museum's Employee Handbook clearly prohibits Plaintiff's conduct, stating personal business activities are permitted by the Museum only if "conducted entirely outside of working hours, outside of Museum premises, and without use of Museum facilities (telephones, email, Internet, etc.)." (Id.) Plaintiff's actions were clearly in violation of the Museum's written electronic use and personal business activities policies. (See Windholz Decl., Exhs. "J" and "K.")

Had Defendants known of the above conduct during Plaintiff's employment, Plaintiff would have been subject to immediate termination. As a result, Defendants respectfully submit they should be permitted to assert their viable after-acquired evidence affirmative defense.

C. **Defendants' Proposed Amendment To Their Answers Is Not Unduly Delayed, Is Offered In Good Faith, And Does Not Unfairly Prejudice Plaintiff.**

Defendants' motion for leave to amend their answers and assert the additional affirmative defense of after-acquired evidence, filed only six months after answering Plaintiff's Complaint, is not unduly delayed, proffered in bad faith and will not unfairly prejudice Plaintiff in any way.

First, Plaintiff cannot claim prejudice or bad faith on Defendants' part, here, as Defendants were unaware of Plaintiff's conduct until it was discovered during the course of this litigation and in responding to Plaintiff's discovery requests. Plaintiff did not disclose the above

8

described inappropriate relationships or his other personal dealings during working hours at any time during or prior to this litigation. In fact, it appears that Plaintiff actively concealed his conduct, emailing solely with Ms. Gordon's cell phone for a period of time (without any identifying names) and using "code names" identified in correspondence by Ms. Gordon. Plaintiff also flatly denied any relationship with Ms. Gordon at his deposition. (Hardman Dep. p. 227.) It should come as no surprise to Plaintiff that his inappropriate relationships with at least two female subordinates that he attempted to conceal, as well as his repeated violation of the Museum's electronic use and personal business activities policies, are now at issue in this case. Plaintiff's actions belie any claim of prejudice or bad faith. Furthermore, Plaintiff was undoubtedly aware Ms. Gordon may become a witness in this matter as she is identified as a witness in Plaintiff's Federal Rule of Civil Procedure 26(a)(1) Initial Disclosures. (See Windholz Decl., Exh. "M.")

Second, Defendants' requested amendment, prior to the close of discovery, will cause minimal delays to these proceedings if granted. The Court granted the Parties' respective applications for the production of outstanding written discovery, which must be produced no later than October 14, 2013. Therefore, discovery has not closed. Moreover, no trial date has been scheduled in this matter. Thus, Defendants' proposed amendment will not serve to unduly delay this matter. Given Plaintiffs' apparent efforts to conceal his inappropriate relationships with Ms. Gordon, coupled with Defendants' immediate production of theses emails upon their discovery, any argument of undue delay is frivolous.

As a result, Defendants' request for leave to amend their Answers to assert an after-acquired evidence affirmative defense should be granted. The request is being made in good faith, was not unduly delayed, and would not result in prejudice to Plaintiff.

9

## CONCLUSION

Under the doctrine of after-acquired evidence, a defendant-employer may limit damages in an employment discrimination case. Based on the foregoing, Defendants maintain the Museum would have discharged Plaintiff had it had proof of the above described conduct at the time of his termination. As a result, Defendants respectfully request leave to amend their answers and assert the affirmative defense of after-acquired evidence to preserve their right to limit Plaintiff's damages accordingly.

Respectfully submitted,

JACKSON LEWIS LLP
666 Third Avenue, 29th Floor
New York, NY 10017
(212) 545-4000

Dated: September 26, 2013          By:   s/Diane Windholz
New York, New York                       Diane Windholz (DW 9806)
                                         Alexander W. Leonard (AL 0424)

ATTORNEYS FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on September 26, 2013, I caused to be served a true and correct copy of Defendants' Memorandum of Law in Support of Their Motion for Leave to Amend Their Answers and Affirmative Defenses to Plaintiff's Complaint upon Plaintiff's counsel of record by filing a copy thereof with the Court by ECF and mailing a copy thereof by regular U.S. mail to Plaintiff's counsel's address of record:

Jesse C. Rose, Esq.
PHILLIPS & ASSOCIATES
ATTORNEYS AT LAW, PLLC
45 Broadway, Suite 620
New York, NY 10006

By: _/s/ Alexander Leonard_
Alexander Leonard

4810-5815-4773, v. 2